# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC FLORES,**
    **Plaintiff,**

v.                                                                               **Civil Case No. 1:14-cv-19**

**UNITED STATES ATTORNEY GENERAL;**
**FEDERAL BUREAU OF INVESTIGATION,**
    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

On January 27, 2014, *pro se* Plaintiff Eric Flores ("Flores") filed a 61-page Complaint in this Court. (Docket No. 1.) Upon consideration of the financial information provided, Flores' motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**. This matter was referred to the undersigned by United States District Judge Irene M. Keeley for recommended disposition on February 10, 2014. (Docket No. 5.) Accordingly, the undersigned has conducted an initial screening of Flores' Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I.   ANALYSIS

Flores has titled his 61-page Complaint a "Petition to Challenge the Constitutionality of the First Amendment." (Docket No. 1 at 1.) From reading Flores' rambling and incoherent complaint, the undersigned discerns that Flores is seeking to bring a class action on behalf of himself and sixteen other "Mexican American citizens of the United States," alleging that the United States Attorney General and the Federal Bureau of Investigation are unlawfully interfering with religious practices, marriages, criminal investigations, and freedom of speech. (Id. at 2-4.) Flores seeks declaratory and injunctive relief and asks that the Court direct that an investigation into these alleged violations be conducted. (Id. at 60-61.)

### A. Certification of Class Action

As an initial matter, Flores' request for class certification should be denied. A *pro se* litigant may bring his own claims in federal court; however, the Fourth Circuit has prohibited class certification when a *pro se* litigant will act as the class representative. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Flores v. U.S. Att'y Gen., No. 4:13CV00525 ERW, 2013 WL 1580099, at *2 (E.D. Mo. Apr. 15, 2013) (denying Flores' request for class certification in another *pro se* action).

### B. Merits of Flores' Complaint

Congress enacted 28 U.S.C. § 1915 to "lower judicial access barriers to the indigent." Denton v. Hernandez, 504 U.S. 25, 31 (1992). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). To address this concern, Congress included subsection (e), which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> . . .
>
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious; [or]
> > >
> > > (ii) fails to state a claim on which relief may be granted[.]

28 U.S.C. § 1915(e)(2)(B)(I) & (ii); see also Denton, 504 U.S. at 31. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. The term

"frivolous" encompasses both "indisputably meritless" legal theories as well as "fantastic or delusional" factual allegations. Id. at 327-28.

When reviewing a *pro se* complaint for frivolousness, the Court must hold it to less stringent standards than a complaint drafted by an attorney and must construe it liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). However, the Court has broad discretion in determining whether a complaint is frivolous or malicious. White, 886 F.2d at 722-23. The Court is not required to accept the factual allegations set forth in a complaint as true, and may dismiss claims based upon factual allegations that are irrational or wholly incredible. Denton, 504 U.S. at 33.

The following are some exemplary allegations from Flores' complaint:

> The United States Postal Employee Supervisor named Vincent E. McDaniel then said that he would conduct an internal investigation to determine if a postal employee was stealing or throwing away in the trash the petitioners outgoing legal mail.

> The organized group of executive employees of the federal government then retaliated against the petitioner for complianing [sic] to the United States Postal Employee Supervisor named Vincent E. McDaniel by useing [sic] advanced technology with a direct signal to the satelite [sic] in outerspace that has the capability of calculateing [sic] a genetic code to cause Vincent E. McDaniel severe heart pain for long durations exceeding calendar days in which was equivalent in intensity to cardiac and respatory [sic] failure leading to a heart attack resulting in the death of Vincent E. McDaniel so as to prevent an internal postal investigation that could have resulted in criminal lawful sanctions against the organized group of executive employees of the federal government for misuseing [sic] their official capacity to influence a postal employee to steal or throw away the petitioners outgoing legal mail.

> . . .

> The fact that the organized group of executive employees of the federal government misused their official capacity to influence a postal employee to steal or throwing away the petitioners outgoing legal mail to prevent the petitioner from communicateing [sic] to the United States Department of Justice and the federal

3

courts in Washington D.C., constitutes unjustified governmental interference with communications to the federal courts and law enforcement agencies in Washington D.C., in violation of the First Amendment right to freedom of speech. The fact that the organized group of executive employees of the federal government used deadly technology to torture to death a United States Postal Employee Supervisor named Vincent E. McDaniel so as to prevent an internal postal investigation that can result in criminal lawful sanctions against the organized group of executive employees of the federal government for misuseing [sic] their official capacity to influence a postal employee to steal or throw away in the trash the petitioners outgoing legal mail constitutes unjustified governmental interference with communications to the federal courts and law enforcement agencies in Washington D.C., in violation of the First Amendment right to freedom of speech because the the [sic] death of the postal supervisor prevented an internal investigation into the theft of the petitioners outgoing legal mail which allowed the postal employee to continue to steal or throw away the petitioners out going legal mail.

(Docket No. 1 at 18-19.)

> The petitioners mother Cynthia Lorenza Flores and father Javier Vensor Flores Senior disciplined their six (6) children by teaching them to live with moral values and beliefs which should be based on the religious beliefs that their children were learning at the christian [sic] church. The petitioners mother Cynthia Lorenza Flores and father Javier Vensor Flores Senior also became role models for their children by enacting standrads [sic] of conduct during their lives that were always based upon the moral values of the religious beliefs that their children were learning in the Christian church.
>
> . . .
>
> The petitioners mother Cynthia Lorenza Flores use [sic] to tell her children that she would never bring another male person to sleep with her in the same house where her children lived because she was still married to the father of the children even though the father of the children was incarcerated because it was against the ten commandments of the holy bible.
>
> . . .
>
> However very recently an organized group of executive employees of the federal government have retaliated against the invocation of the petitioners constitutional rights in a [sic] ongoing civil litigation against torture by using advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing [sic] a genetic code to cause the petitioners father severe lower abdominal pain for long durations exceeding calendar years in which was equivalent in intensity to form

4

> an abcess [sic] in his lower abdominal region so as to impair his kidney functions almost leading to his death requiring medical treatment by a forensic medical professional in a freeworld hospital to keep the petitioners father Javier Vensor Flores Senior from being tortured to death.
>
> This was done so that once the petitioners father Javier Vensor Flores Senior was tortured to death, thereafter the organized group of executive employees of the federal government could take advantage of the petitioners mother Cynthia Lorenza Flores however when the attempt to torture the petitioners father to death failed, the organized group of executive employees of the federal government then illegally incarcerated the petitioners father Javier Vensor Flores Senior to be able to take advantage of the petitioners mother Cynthia Lorenza Flores.
>
> The organized group of executive employees of the federal government used advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing [sic] a genetic code to profoundly disrupt the personality and senses of the petitioners mother Cynthia Lorenza Flores for long durations exceeding calendary years in which was equivalent in intensity to take physical control of her mental state of mind so as to compel her into an act of dures [sic] by a calculated procedure without her consent or awareness to have sexual intercourse with another person of Mexican American national origin named Eddie constituteing [sic] sexual assault in the first degree.

(Id. at 27-29.)

This is not the first time Flores has raised these, or similar claims, in federal court. Recently, a United States Magistrate Judge in the Southern District of Ohio recommended that a substantially similar, if not identical, complaint filed by Flores be dismissed pursuant to § 1915(e)(2). See Flores v. U.S. Att'y Gen., No. 2:14-cv-84, 2014 WL 358460, at *3 (S.D. Ohio Jan. 31, 2014). Other federal courts have received complaints from Flores that contain substantially similar claims of government employees directing satellite signals at Mexican-American citizens. See, e.g., Flores, 2013 WL 1580099, at *2-3 (listing cases); Flores v. U.S. Att'y Gen., No. 5:13-cv-33, 2013 WL 969057, at *2 (D. Vt. Mar. 12, 2013) (listing cases); Flores v. U.S. Att'y Gen., No. 2:13-cv-00053-DBH, 2013 WL 1122719, at *2 (D. Me. Feb. 26, 2013) (listing cases); Flores v. U.S. Att'y Gen., 4:12-cv-4144, at

*1 & n.1 (W.D. Ark. Jan. 3, 2013) (listing cases).

A plain reading of the allegations cited above and the others contained in Flores' Complaint indicates that Flores' allegations rise to the level of being irrational or wholly incredible. Denton, 504 U.S. at 33. Given this, the undersigned recommends that "this Court join the long list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain 'the hallucinations of a troubled man.'" Flores, 2013 WL 1122719, at *2 (citation omitted). Accordingly, the undersigned further recommends that Flores' Complaint be dismissed with prejudice as frivolous pursuant to § 1915(e)(2)(B)(I). See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (leave to amend should not be granted when "amendment would [be] futile").

## II. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Flores' Complaint (Docket No. 1) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

Any party may, within fourteen (14) days after being served with a copy of this Order and Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Order and Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Order and Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order and Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Order and Report and

Recommendation to any counsel of record herein and to mail a copy to the *pro se* Plaintiff at his last shown address by Certified United States Mail, Return Receipt Requested.

DATED: February 13, 2014

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE