```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ERIC FLORES,**

    **Plaintiff,**

**v.**        //  **CIVIL ACTION NO. 1:14CV19**
                **(Judge Keeley)**

**UNITED STATES ATTORNEY GENERAL**
**and FEDERAL BUREAU OF INVESTIGATION,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING COMPLAINT WITH PREJUDICE

  The plaintiff, Eric Flores ("Flores"), filed this civil rights complaint seeking declaratory and injunctive relief on January 27, 2014 (Dkt. No. 1). United States Magistrate Judge John Kaull filed a report and recommendation ("R&R"), which recommended that the Court dismiss Flores' complaint as frivolous (Dkt. No. 15 at 6). Flores did not file any objections to the R&R.[1] For the reasons that follow, the Court **ADOPTS** the R&R (Dkt. No. 6) and **DISMISSES** the complaint with prejudice (Dkt. No. 1).

  Flores filed a 61-page complaint, entitled "Petition to Challenge the Constitutionality of the First Amendment," on January 27, 2014 (Dkt. No. 1). He purports to bring a class action on

---

[1] When reviewing a magistrate judge's R&R pursuant to 28 U.S.C. § 636, the court reviews <u>de novo</u> only that portion of the R&R to which a timely objection has been made. 28 U.S.C. § 636(b)(1)(C). It will uphold those portions of a recommendation as to which no objection has been made unless they are "clearly erroneous." See <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005). Inasmuch as Flores did not file any objections to the R&R, the Court will review the R&R for clear error.

behalf of himself and other Mexican-American citizens "to seek relief from imminent danger such as death . . . ."[2] Id. at 2. He alleges that the defendants are "unlawfully interfering with religious practices, marriages, criminal investigations, and freedom of speech." Id.; Dkt. No. 6 at 1.

Magistrate Judge Kaull recommended that the Court dismiss Flores' complaint as frivolous. 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). "[A]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" Id. (quoting Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400 (1967)). A court may only dismiss a claim as factually frivolous if the facts alleged are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992) (quoting Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833).

Here, Flores has alleged facts that are irrational, incredible, and "clearly baseless." Denton, 504 U.S. at 32, 112 S.Ct. at 1733. He states that the "organized group of executive

---

[2] Aside from the rest of the complaint, the Court must deny Flores' request for class certification because, as a pro se litigant, he cannot adequately represent a class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a pro se plaintiff cannot fairly and adequately protect the interests of a class).

employees" of the government "misused their official capacity to influence a postal employee to steal" or discard his outgoing mail in order to keep him from communicating with the Department of Justice and federal courts (Dkt. No. 1 at 18-19). He also states that the same organized group of federal employees retaliated against his continued complaints by "using advanced technology with a direct signal to the satellite in outerspace [sic] that has the capacity of calculateing [sic] a genetic code to cause the petitioners father severe lower abdominal pain . . . ." Id. at 27-29.

According to Flores, his mother was also tortured by government executives, who used their satellite in outer space to "profoundly disrupt [her] personality and senses . . . so as to compel her into an act of dures [sic] . . . to have sexual intercourse with another person of Mexican American national origin named Eddie constituteing [sic] sexual assault in the first degree." Id. As Magistrate Judge Kaull has thoroughly documented, Flores has raised similar claims in federal court on numerous occasions. (Dkt. No. 6 at 5). He concludes that Flores' claims "rise to the level of being irrational or wholly incredible." Id. The Court agrees.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING COMPLAINT WITH PREJUDICE**

Magistrate Judge Kaull's reasoning in the R&R is persuasive. Therefore, finding no clear error, the Court **ADOPTS** the R&R (Dkt. No. 6) in its entirety, and **DISMISSES** the complaint (Dkt. No. 1) **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and the pro se plaintiff, certified mail, return receipt requested, and to enter a separate judgment order.

DATED: December 30, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE